UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, as subrogee of City of Racine, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: |
| v. | )<br>)<br>) |
| RACINE ZOOLOGICAL SOCIETY | )<br>) |
| Defendant. | )<br>) |

## **COMPLAINT**

NOW COMES THE PLAINTIFF, Fireman's Fund Insurance Company, as subrogee of the City of Racine, Wisconsin, by and through its undersigned counsel, complaining of defendant, and for its Complaint against defendant, states as follows:

## **PARTIES**

1. Plaintiff, Fireman's Fund Insurance Companies (hereinafter "Fireman's Fund"), is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 225 W. Washington Street Chicago, Illinois 60606 which at all relevant times was engaged in the insurance business and was licensed to issue insurance policies in the State of Wisconsin.

2. Plaintiff's insured, the City of Racine, is a municipal corporation of the State of Wisconsin (hereinafter the "City") with its principal place of business located at 730 Washington Avenue, Racine, Wisconsin 53403.

3. Defendant, Racine Zoological Society (hereinafter the "Society"), is a Wisconsin non-stock corporation duly organized and existing under the laws of the State of Wisconsin with its principal place of business located at 200 Goold Street, Racine, Wisconsin 53402.

## JURISDICTION AND VENUE

4. Jurisdiction of this court is invoked pursuant to the provisions of 28 U.S.C. § 1332 by reason of diversity of citizenship of the parties. The matter in controversy, exclusive of interests and costs, exceeds the sum of $75,000. Venue is properly laid in this district pursuant to the provisions of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. At all relevant times, the City owed the real and business property known as the Lakeview Community Center located at 201 Goold Street, Racine, Wisconsin 53406 (hereinafter the "Center").

6. At all relevant times, plaintiff Fireman's Fund insured the Center.

7. On or about August 2, 2019, the Society entered into a rental agreement titled Community Center Rental Request Form (hereinafter "Rental Request Form") with the City to rent the Center for the period from August 15, 2019 through October 15, 2019. A true and correct copy of the Rental Request Form is attached hereto and incorporated herein as Exhibit A.

8. Pursuant to the terms of the Rental Request Form, the renter assumed responsibility for any and all damages done to the center and/or to its contents.

9. On or about September 11, 2019, a fire occurred at a cooking stove in the Center which was left on and unattended by a guest invited by the Society, causing a fire that spread throughout the Center (hereinafter the "Fire Loss").

10. As a result of the Fire Loss, the City sustained severe and extensive damage to its real and business property and lost income and incurred expenses to repair the damage.

11. Pursuant to the terms and conditions of the aforementioned insurance policy, Fireman's Fund made payments to the City in excess of Nine Hundred Sixty-Seven Thousand, Three Hundred Twenty-Two Dollars and Twenty-Seven Cents ($967,322.27), representing the fair and reasonable value of and/or cost to repair the damages.

12. In accordance with common law principles of equitable and legal subrogation and the terms of the insurance policy, Fireman's Fund is subrogated to the rights of the City to the extent of the payments it makes to the City in compensation for the aforementioned damages.

## **COUNT 1 – NEGLIGENCE**

13. Plaintiff re-alleges the foregoing paragraphs as though fully restated herein.

14. Defendant owed the City of Racine a duty to use and operate the premises of the Center in a good and safe manner, and to make sure that it was used and operated in a manner so as to protect the property from hazardous conditions that could cause fires.

15. The Fire Loss was caused by the negligence and carelessness of defendant and/or by and through its agents, servants, and/or employees, acting within the course and scope of their employments, as follows:

   a) Failure to exercise reasonable and due care in the supervision and oversight of guests or invitees, including those using and operating equipment that could cause a fire;

   b) Failure to supervise the use and/or operation of kitchen equipment in a safe and reasonable manner, including allowing and/or leaving the stove on and unattended;

3
LEGAL\52268065\2
Case 2:21-cv-00642-PP   Filed 05/24/21   Page 3 of 7   Document 1

c) Failing to adequately inspect the kitchen and kitchen equipment before use and operation;

d) Failing to employ agents, servants and/or employees with proper certification, knowledge, training and experience to operate kitchen equipment safely;

e) Failing to ensure invitees or guests possessed the proper certification, knowledge, training and experience to operate kitchen equipment safely;

f) Failing to properly train, oversee and supervise its agents, servants, guests, invitees and/or and other persons who used or accessed the kitchen;

g) Failing to ensure invitees or guests are properly trained who used or accessed the kitchen and steps to take in the event of a fire hazard;

h) Failing to take adequate and necessary precautions to prevent a fire from originating in the premises;

i) Failing to ensure that proper and reasonable safety precautions and equipment were in place, including fire extinguisher(s);

j) Allowing a fire hazard to exist within its leased premises;

k) Otherwise failing to use due care under the circumstances.

16. As a direct and proximate result of defendant's negligence and carelessness, its agents, servants and/or employees acting within the scope of their employment, the City sustained severe and extensive damages.

17. In accordance with the terms of the Policy, Fireman's Fund made payments to the City for its aforesaid damages, and is therefore subrogated to the right of recovery to the extent of the payments made.

THEREFORE, Plaintiff Fireman's Fund, as subrogee of the City of Racine, hereby demands judgment in its favor against Defendant Racine Zoological Society, in an amount of $967,322.27, together with interest, the cost of this action, attorney's fees, and such other relief as this Court deems just and proper.

## COUNT 2 – BREACH OF CONTRACT

18. Plaintiff re-alleges the foregoing paragraphs as though fully restated herein.

19. Prior to the Fire Loss, the City and the Society entered into the Rental Request Form. *See* Exhibit A.

20. The Society, by an through its agents, servants and/or employees, breached the aforementioned contract by committing one or more of the following acts and/or omissions:

   a) Failure to exercise reasonable and due care in the supervision and oversight of guests or invitees, including those using and operating equipment that could cause a fire;

   b) Failure to supervise, use and/or operate kitchen equipment in a safe and reasonable manner, including allowing and/or leaving the stove on and unattended;

   c) Failing to adequately inspect the kitchen and kitchen equipment before use and operation;

   d) Failing to employ agents, servants and/or employees with proper certification, knowledge, training and experience to operate kitchen equipment safely;

   e) Failing to ensure invitees or guests possessed the proper certification, knowledge, training and experience to operate kitchen equipment safely;

f) Failing to properly train, oversee and supervise its agents, servants, guests, invitees and/or and other persons who used or accessed the kitchen;

g) Failing to ensure invitees or guests are properly trained who used or accessed the kitchen and steps to take in the event of a fire hazard;

h) Failing to take adequate and necessary precautions to prevent a fire from originating in the premises;

i) Failing to ensure that proper and reasonable safety precautions and equipment were in place, including fire extinguisher(s);

j) Allowing a fire hazard to exist within its leased premises;

k) Otherwise failing to use due care under the circumstances.

21. By and through the Society's breach of contract, the City sustained damages in the amount of $967,322.27.

22. In accordance with the terms of the Policy, Fireman's Fund made payments to the City for its aforesaid damages, and is therefore subrogated to the right of recovery to the extent of the payments made.

THEREFORE, Plaintiff Fireman's Fund hereby demands judgment in its favor against Defendant, in an amount in excess of $967,322.27, together with interest, the cost of this action, attorney's fees, and other such relief as this Court deems just and proper.

## **Jury Demand**

Plaintiff demands a trial by jury of this matter.

Respectfully Submitted,

FIREMAN'S FUND INSURANCE COMPANY
as subrogee of City of Racine

By: /s/Philip T. Carroll
    Philip T. Carroll
    COZEN O'CONNOR
    123 North Wacker Drive, Suite 1800
    Chicago, Illinois 60606
    Phone: (312) 382-3147
    Fax: (312) 382-3180
    pcarroll@cozen.com