IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

FIREMAN'S FUND
INSURANCE COMPANY.
As subrogee of City of Racine,

      Plaintiff,                              Case No.: 21-CV-642

v.

RACINE ZOOLOGICAL SOCIETY,

      Defendant.

## DEFENDANT, RACINE ZOOLOGICAL SOCIETY'S, ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES, Defendant, Racine Zoological Society, by and through its attorneys, Crivello Carlson, S.C. and hereby answers and asserts affirmative defenses to Plaintiff, Fireman's Fund Insurance Company, as subrogee of the City of Racine's (hereinafter, "Fireman's Fund") complaint dated May 24, 2021 as follows:

### PARTIES

1. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 1 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

2. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 2 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

3. Answering paragraph 3, admit.

## JURISDICTION AND VENUE

4. Answering paragraph 4, admit.

## GENERAL ALLEGATIONS

5. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 5 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

6. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 6 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

7. Answering paragraph 7 of the Complaint, admit the Racine Zoological Society entered into a rental agreement with the City of Racine which Exhibit A reflects.

8. Answering paragraph 8 of the Complaint, admit the rental agreement recited by Plaintiff contains language referenced in paragraph 8. The Defendant affirmatively states that Exhibit A is a legal document that speaks for itself; therefore, any remaining portions of this paragraph do not require a response. Rather, this Defendant will respectfully refer all legal questions, including the interpretation of legal documents to the Court. The Defendant also asserts this paragraph amount to or calls for legal conclusions and therefore do not require a response. To the extent further response is required, Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 8 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

9. Defendant admits a fire occurred at the Center on September 11, 2019, but Defendant lacks sufficient knowledge or information to either admit or deny the remaining

statements contained in Paragraph 9 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

10. Defendant admits a fire loss occurred, but Defendant lacks sufficient knowledge or information to either admit or deny the remaining statements contained in Paragraph 10 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

11. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 11 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

12. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 12 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

## **COUNT 1 – NEGLIGENCE**

13. Defendant re-alleges its answers to the foregoing paragraphs numbered 1 through 12 as though fully restated herein.

14. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 14 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

15. Defendant denies the allegation set forth in paragraph 15, and each of its subparts a) to k) and puts Plaintiff to its proof thereon.

16. Defendant denies the allegation set forth in paragraph 16 and puts Plaintiff to its proof thereon.

17. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 17 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

## COUNT 2 – BREACH OF CONTRACT

18. Defendant re-alleges its answers to the foregoing paragraphs numbered 1 through 17 as though fully restated herein.

19. Answering paragraph 19 of the Complaint, admit the Racine Zoological Society entered into a rental agreement with the City of Racine.

20. Defendant denies the allegation set forth in paragraph 20 and each of its subparts a) to k). and puts Plaintiff to its proof thereon.

21. Defendant denies the allegation set forth in paragraph 21 and puts Plaintiff to its proof thereon.

22. Defendant lacks sufficient knowledge or information to either admit or deny the statements contained in Paragraph 22 of the Complaint and therefore denies the allegations and leaves Plaintiff to its proof.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, by and through counsel, as and by way of its affirmative defenses, further allege and state as follows:

1. Plaintiff has failed to name all necessary parties.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Defendants did not breach any contract with Plaintiff.

4. Plaintiff's own conduct, or by the conduct of its agents and/or representatives, was the proximate cause of the damages alleged in Plaintiff's Complaint.

5. Plaintiff failed to mitigate its damages.

6. Plaintiff was contributorily/comparatively negligent.

7. Plaintiff failed to properly and timely serve Defendant with the summons and

complaint as required by Wisconsin law.

8. The damages allegedly sustained by Plaintiff were not caused by Defendant.

9. Plaintiff's cause(s) of action are controlled by the agreement between the parties and are subject to the terms, conditions, and limitations contained therein.

10. Defendants are entitled to a set-off of all sums Plaintiff may have received from others.

11. Plaintiff's claimed damages are unconscionable under Wisconsin law.

12. Plaintiff is barred by the equitable doctrine of waive, laches, and/or estoppel.

13. Defendants hereby reserve the right to raise additional defense as may become available through investigation and discovery.

Dated this 14th day of June, 2021.

CRIVELLO CARLSON, S.C.
Attorneys for Defendant, Racine Zoological Society

By: *s/ Travis Rhoades*
Travis Rhoades
State Bar No. 1033267
Andrew Rider
State Bar No. 1092728