IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

FIREMAN'S FUND INSURANCE COMPANY,
as subrogee of City of Racine,

      Plaintiff,                                  Case No.: 21-CV-642

v.

RACINE ZOOLOGICAL SOCIETY,

      Defendant/Third-Party Plaintiff

v.

CHINA LANTERN INTERNATIONAL, LLC
d/b/a ZIGONG LANTERN GROUP,

and

ZIGONG LANTERN CULTURE INDUSTRY
GROUP CO., LTD.

      Third-Party Defendants.
_____

**THIRD PARTY PLAINTIFF, RACINE ZOOLOGICAL SOCIETY'S THIRD-PARTY AMENDED COMPLAINT**
_____

      Defendant and Third Party Plaintiff, Racine Zoological Society, by its attorneys, Crivello, Carlson, S.C., asserts this Third-Party Amended Complaint against China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd. and alleges as follows:

**PARTIES**

      1.      Defendant and Third-Party Plaintiff, Racine Zoological Society (hereinafter, "the Society") is a Wisconsin non-stock corporation duly organized and existing under the laws of the

State of Wisconsin with its principal place of business located at 200 Goold Street in Racine, Wisconsin, 53402.

2. Third-Party Defendant, China Lantern International, LLC d/b/a Zigong Lantern Group, was a North Carolina limited liability corporation duly organized and existing under the State of North Carolina with its principal place of business located at 9729 Corktree Ct., Wake Forest, North Carolina, 27587.

3. Third-Party Defendant, Zigong Lantern Culture Industry Group Co. LTD, is a foreign company duly organized and existing in the People's Republic of China with its principal place of business located at the 5th/6th Floor, Caifu Mingdu Mansion, Dangui South Ave., Huidong District, Zigong, Sichuan, China.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367. Venue is appropriate pursuant to 28 U.S.C. 1391.

## FACTUAL ALLEGATIONS

4. Plaintiff, Fireman's Fund Insurance Company as subrogee of the City of Racine, filed a Complaint against the Defendant/Third-Party Plaintiff, the Society, seeking to recover damages for real and personal property injuries sustained in a fire which occurred on or about September 11, 2019, at or about the property located at 201 Goold Street in Racine, Wisconsin 53406 (hereinafter, the "subject building").

5. Plaintiff's Complaint is attached hereto as Exhibit "A".

6. Defendant/Third-Party Plaintiff, the Society, filed an answer to said complaint, denying material allegations.

7. Defendant's answer is attached hereto as Exhibit "B".

8. The allegations of the complaint attached hereto as Exhibit A are incorporated by reference herein, as limited by the answer and affirmative defenses filed by the Defendant/Third Party-Plaintiff, the Society, as set forth in Exhibit B.

9. Pursuant to a written contract and agreements between Defendant/Third-Party Plaintiff, the Society, and Third-Party Defendants, China Lantern International, LLC d/b/a Zigong Lantern Group and/or Zigong Lantern Culture Industry Group Co., Ltd., had certain obligations, including to assume liability for damages caused by or related to their work at the subject property.

10. Upon information and belief, the injuries or damages claimed by the Plaintiff, if any, were caused by the negligent or deficient services or work provided by China Lantern International, LLC d/b/a Zigong Lantern Group and/or Zigong Lantern Culture Industry Group Co., Ltd.

11. Upon information and belief, the injuries or damages claimed by the Plaintiff, if any, were caused by China Lantern International, LLC d/b/a Zigong Lantern Group or Zigong Lantern Culture Industry Group Co., Ltd.'s failure to properly complete its obligations to the Defendant/Third-Party Plaintiff.

## COUNT I: NEGLIGENCE

12. The Third-Party Plaintiff realleges and incorporates herein by reference all the allegations contained in paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. At all material times, Defendants, China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd., were under a duty to exercise reasonable care in the handling of cooking materials used at the subject building for the safety of the Society and the City of Racine's real and personal property.

14. Notwithstanding said duties, China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd., by and through its agents and/or employees, breached its duties through one or more of the following negligent acts and/or omissions:

   a. Carelessly and negligently failed to properly supervise cooking materials and cooking sources located in the kitchen of the subject building to ensure against a risk of fire;

   b. Carelessly and negligently failed to warn the City of Racine or the Society that China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd., by and through its agents and/or employees, left cooking materials unsupervised, causing an ignition of combustible materials around the kitchen where China Lantern International, LLC d/b/a Zigong Lantern Group and/or Zigong Lantern Culture Industry Group Co., Ltd. employees and/or agents were cooking;

   c. Was otherwise careless and negligent in its actions at the subject building.

15. On or about September 11, 2019, as a direct and proximate result of the careless and negligent acts or omissions to act on the part of China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd., by and through its agents and/or employees, the cooking by China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd. at the subject building, suddenly ignited a fire, causing damage to the subject building, along with other personal property of the City of Racine and the Society.

## COUNT II:
## RES IPSA LOQUITOR

16. The Third-Party Plaintiff, the Society, hereby incorporates Paragraphs 1 through 15 of this Complaint, inclusive, as though fully set forth herein this Count II.

17. At all times relevant, China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd. were under a duty to exercise reasonable care in the handling of cooking materials used in the subject building for the safety of the City of Racine and the Society's real and personal property.

18. At all times relevant, China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd. through its agents and/or employees had lawful and actual control of the kitchen of the subject building in the moments before the fire ignited.

19. The ignition of combustible material in the kitchen of the subject building could not have reasonably been expected to occur unless China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd. through its agents or employees were negligent in their care of cooking materials and cooking tools in the kitchen of the subject building.

20. On or before September 11, 2019, as a direct and proximate result of the negligent acts and omissions to act on the part of China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry Group Co., Ltd., its agents and/or employees, a fire suddenly ignited in the kitchen of the subject building, causing damage to the subject building and other personal property of the City of Racine and the Society.

## COUNT III
## BREACH OF CONTRACT

21. Third Party Plaintiff hereby incorporates Paragraphs 1 through 20 of this Complaint, inclusive, as though fully set forth herein this Count III.

22. The Third-Party Defendants have breached the contract, including failing to perform and complete the terms as required by the contract along with applicable laws and regulations.

23. The Third-Party Defendants' breach of contract has damaged and will continue to damage the Society, including in the form of potential damages, defense costs, and attorney fees incurred in defending this lawsuit, all of which violates the Third-Party Defendants' obligations under the contract.

## COUNT IV
## CONTRIBUTION

24. The Third-Party Plaintiff, the Society, hereby incorporates Paragraphs 1 through 23 of this Complaint, inclusive, as though fully set forth herein this Count IV.

25. The Plaintiff's damages, if any, as alleged in the complaint, arise out of and are related to the work performed by, or the negligence, careless conduct, breach of contract, or other act, omission, or fault of the Third-Party Defendants.

26. Without prejudice to their denials, allegation, and other statements in their Answer, and if Plaintiff was injured as alleged, which this Defendant/Third-Party Plaintiff specifically denies, then this Defendant/Third-Party Plaintiff is entitled to indemnity and contribution from the Third-Party Defendants as a result of the decisions and conduct of China Lantern International, LLC d/b/a Zigong Lantern Group and Zigong Lantern Culture Industry

Group Co., Ltd. in causing or contributing to cause any injuries to Plaintiff, as allowed both under their contractual obligations with this Defendant/Third-Party Plaintiff and common law.

**WHEREFORE**, Defendant and Third-Party Plaintiff, the Society, prays for judgment on its Third-Party Complaint as against Third-Party Defendants, as follows:

A. That should it be determined that the Society and China Lantern International, LLC d/b/a Zigong Lantern Group and/or Zigong Lantern Culture Industry Group Co., Ltd. are liable herein, that the Society have judgment against China Lantern International, LLC d/b/a Zigong Lantern Group and/or Zigong Lantern Culture Industry Group Co., Ltd. and be indemnified in full for the amount of any judgment in favor of Plaintiff against which the Society must pay, including costs and expenses of suit;

B. That the Court award compensatory damages to the Society because of the Third-Party Defendants' breach of contract;

C. That the Society be awarded such other relief as the Court may deem just and equitable.

**A TWELVE PERSON JURY TRIAL IS DEMANDED**

Dated this 29th day of October, 2021.

                                         CRIVELLO CARLSON, S.C.
                                         Attorneys for Defendant, Racine Zoological Society

                                         By: *s/Andrew R. Rider*
                                                TRAVIS J. RHOADES
                                                State Bar No. 1033267
                                                ANDREW R. RIDER
                                                State Bar No. 1092728

Post Office Address:
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: 414-271-7722
Email: trhoades@crivellocarlson.com
        arider@crivellocarlson.com