UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FIREMAN'S FUND INSURANCE COMPANY,
as subrogee of the City of Racine,

        Plaintiff,

  v.

        Case No. 21-cv-642-pp

RACINE ZOOLOGICAL SOCIETY,

        Defendant/Third-Party Plaintiff.

  v.

CHINA LANTERN INTERNATIONAL, LLC
d/b/a Zigong Lantern Group, and
ZIGONG LANTERN CULTURE INDUSTRY GROUP CO. LTD,

        Third-Party Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST AFFIRMATIVE DEFENSE (DKT. NO. 23) AND DENYING WITHOUT PREJUDICE MOTION TO RESTRICT DOCUMENT (DKT. NO.29)**

---

On August 2, 2019, the Racine Zoological Society (Zoological Society) entered into an agreement to rent the Lakeview Community Center from the City of Racine (City) from August 15, 2019 through October 15, 2019. Dkt. No. 1. Almost a month after the Zoological Society began renting the premises, a fire broke out when a cooking stove allegedly was left unattended by a guest in the center. Id. at ¶9. Fireman's Fund Insurance Company (Fireman's Fund), as the insurer for the City, made payments in excess of $967,322.27 for the damages and has sued the Society for negligence and breach of contract. After

1

filing an answer, the Zoological Society filed a third-party complaint against China Lantern International LLC (China Lantern) d/b/a Zigong Lantern Group, a Florida limited liability company, for negligence and *res ipsa loquitor*, alleging that the fire would not have occurred unless China Lantern had not been negligent in their care of cooking materials. Dkt. No. 10. The Zoological Society also alleged breach of contract and contribution claims. The parties reached an agreement allowing the Zoological Society to file an amended complaint to assert claims against Zigong Lantern Culture Industry Group. Dkt. No. 27.

Several motions are pending. First, Fireman's Fund has moved to strike the defendant's first affirmative defense—failure to name all necessary parties. Dkt. No. 23. Second, the Zoological Society has moved to restrict certain documents filed in connection with a prior motion to dismiss. Dkt. No. 29. Finally, China Lantern has filed a motion to dismiss. Dkt. No. 49. The court will address the motion to dismiss in a separate order.

I. **Plaintiff's Motion to Strike Defendant's First Affirmative Defense (Dkt. No. 23)**

   A.   Parties' Arguments

Fireman's Fund has asked the court to strike the first affirmative defense in the Zoological Society's answer (failure to name all necessary parties). Dkt. No. 24 at 2. It argues that under the terms of the rental agreement, the Zoological Society "assume[d] responsibility for any and all damages done to the center &/or to its contents as well as for any and all center equipment that may come up missing during the rental." Id. at 3. Fireman's Fund asks the court to apply a three-step test for assessing the sufficiency of the first

2

affirmative defense: (1) whether it was appropriately pled as an affirmative defense; (2) whether it was adequately pleaded under Federal Rules of Civil Procedure 8 and 9; and (3) whether the defense is legally sufficient under the standards applicable to Rule 12(b)(6) motions. Id. at 5 (citing Operating Engineers Local 139 Health Benefit Fund v. Lake States Industrial Services, Inc., No. 05-c-0020, 2005 WL 1563332, *2 (E.D. Wis. June 30, 2005)). Fireman's Fund concedes that under that test, the failure to name a necessary party is an appropriate defense, but it argues that the "conclusory sentence" in the answer is inadequately pled and legally deficient. Id. at 6. Fireman's Fund says that China Lantern never will be a required party under Rule 19 of the Federal Rules of Civil Procedure because China Lantern was not a party to the agreement between the City and the Zoological Society, and it points out that the Zoological Society admitted in its response to requests to admit that the terms of the agreement state that the Zoological Society is responsible for any and all damages to the center. Id. at 7 (citing Dkt. No. 24-1 at 1).

In opposition, the Zoological Society points out that Fireman's Fund itself admits that the fire was caused by "'a guest invited by the Society', not any Society employee." Dkt. No. 47 at 1-2. The Zoological Society says the allegations in the complaint make it clear that Fireman's Fund was aware of Zigong Lantern Culture Industry Group Co., Ltd. (Zigong Lantern) and its actions as related to the origin of the fire. Id. at 2. The Zoological Society explains that it took the steps to file a third-party complaint against Zigong Lantern. Id. The Zoological Society asserts that while China Lantern appears to

3

be the proper American entity through which Zigong Lantern conducted its business, it is waiting on discovery and it may be that Zigong Lantern will need to be served through the Hague Convention. Id. at 3. The Zoological Society asserts that, under Federal Rule of Civil Procedure 19, either China Lantern or Zigong Lantern is a party whose absence will result in the court being unable to complete relief among the existing parties. Id. at 6. It maintains that if Zigong Lantern's interest is determined without Zigong Lantern's presence, the Zoological Society "will incur substantial risk of double, multiple, or otherwise inconsistent obligations because of the interest" and it is possible that the Chinese courts will not recognize a judgment in the United States if Zigong Lantern is not a named defendant. Id. at 6-7. Finally, the Zoological Society insists that Fireman's Fund needs Zigong Lantern's employee's testimony to maintain its negligence action. Id.

In reply, Fireman's Fund says that the Zoological Society ignores the pleading standards under Rule 8 and Seventh Circuit case law making clear that China Lantern's status as a joint tortfeasor does not make it an indispensable party, and that the City and the Zoological Society are the only parties to the rental agreement. Dkt. No. 56 at 2. Fireman's Fund says aside from the alleged pleading deficiencies, Rule 19 requires joinder only for purpose of providing complete relief between those already parties—not between a party and an absent person. Id. at 4 (citing Beiersdorf, Inc. v. International Outsourcing Services, LLC, No. 07-C-888, 2008 WL 111456224, *7 (E.D. Wis. Apr. 30, 2008)). Fireman's Fund cites Pasco Intern. (London) Ltd. v. Stenograph

4

Corp., 637 F.2d 496, 503 (7th Cir. 1980) for the proposition that a party's status as a joint tortfeasor does not make it a necessary party. Id. at 6-7. Fireman's Fund says that the Zoological Society can comply with any court order without breaching any separate agreement with China Lantern. Id. at 7. Fireman's Fund asserts that while the Zoological Society may implead China Lantern seeking contribution and indemnity, that does not make it an indispensable party to Fireman's Fund's lawsuit against the Zoological Society. Id.

B. Analysis

Rule12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because they consume scarce judicial resources, Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). It is where they remove unnecessary clutter from the case that "they serve to expedite, not delay." Id.

Ordinarily, affirmative "defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." Id. Nevertheless, they are considered pleadings, making them subject to all pleading requirements of the Federal Rules of Civil Procedure. Id. The Zoological Society's first affirmative defense is conclusory. Stating only that Fireman's Fund failed to join an indispensable party, the Zoological Society failed to

5

identify the party or state any factual basis in support of the affirmative defense. On the other hand, the Zoological Society immediately filed a third-party complaint naming China Lantern doing business as Zigong Lantern. This isn't a situation where Firearm's Fund lacks notice or knowledge of the factual basis for the Zoological Society's defense.

The more germane issue is whether the affirmative defense is legally defensible. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Tempes v. Synthes, 498 U.S. 5, 7 (1990). The Seventh Circuit has rejected a rule automatically deeming joint tortfeasors indispensable parties to suits against each of them as inconsistent with the common law principle of joint and several liability. Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V., 391 F.3d 871, 877 (7th Cir. 2004). Joint and several liability allows the victim to sue any of the tortfeasors. Id. Although China Lantern has been impleaded by the Zoological Society and now is a party to the case, that does not make China Lantern or Zigong Lantern an indispensable party.

The court will grant the plaintiff's motion.

## II. Defendant's Motion to Restrict Document (Dkt. No. 29)

On October 29, 2021, the Zoological Society filed redacted and unredacted versions of its response brief to China Lantern's motion to dismiss the third-party complaint, the declaration of Andrew Rider and Exhibit A to the declaration of Andrew Rider filed in support of its response brief. Dkt. Nos. 30-33. The Zoological Society simultaneously filed a motion to restrict the

6

Case 2:21-cv-00642-PP   Filed 08/02/22   Page 6 of 11   Document 74

unredacted versions of these documents for good cause. Dkt. No. 29. According to the Zoological Society, good cause exists because (1) the documents already are protected by the court's protective order; (2) the documents include confidential business information; and (3) disclosure would give competitors an unfair business advantage. Id. at 2. The Zoological Society says that the parties designated this information as Confidential-Attorney's Eyes Only. Id. No other party joined in or responded to the motion.

After the parties filed a stipulation allowing the Zoological Society to file an amended third-party complaint, dkt. no. 27, China Lantern filed a reply advising that the amended third-party complaint had become the operative complaint and that the motion to dismiss was moot, dkt. no. 43. When China Lantern filed a motion to dismiss the amended complaint on November 30, 2021, the document was filed as a restricted document without any accompanying motion to seal or restrict. Dkt. No. 49. When the Zoological Society filed its brief in opposition to the motion to dismiss, it filed unrestricted and restricted versions of the same brief. Dkt. Nos. 53, 55. The Zoological Society did not file a motion to restrict when it filed its brief, although it may have presumed the earlier motion would cover that motion. Again no party objected to the filing of restricted documents or otherwise asked that the documents be restricted.

This court's General Local Rule 79(d)(3) states:

> Any motion to restrict or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. If the documents or materials sought to be restricted/sealed have been designated confidential by someone

7

>   other than the filing party, the filing party may explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials. In response, the person or party that originally designated the documents or materials as confidential may, if it chooses, provide sufficient facts demonstrating good cause to continue sealing the documents or materials. *Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied and the documents or materials publicly filed by the Clerk of Court, unless otherwise ordered by the Court.*

(Emphasis added.)

In Baxter Intern., Inc. v. Abbott Laboratories, 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit addressed generic motions to seal based on protective or confidentiality orders. The court acknowledged that parties often enter into "broad secrecy agreement[s] . . . in order to expedite [the discovery] process by avoiding document-by-document analysis," and it opined that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." Id. at 545 (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)). The court emphasized, however, that "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Id. (citing Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893 (7th Cir. 1993); In re Continental Ill. Securities Litig., 732 F.2d 1302 (7th Cir. 1984)). Because the court record is critical to a court's judicial decision, "any claim of secrecy must be reviewed independently." Id. at 545-546.

The court explained why documents dispositive to "any litigation enter the public record notwithstanding any earlier agreement":

> How else are observers to know what the suit is about or assess the judges' disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing. These are among the reasons why very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed. In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault), is entitled to be kept secret on appeal. As we remarked in Union Oil [Co. v. Leavell, 220 F.3d 562 (7th Cir. 2000)], many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed.

Id. at 546-47 (citations omitted).

The court observed that the parties' joint motion had made "no effort to justify the claim of secrecy;" the motion simply had asserted secrecy "mostly on the basis of the agreement but partly on the ground that these are common commercial documents." Id. at 546. The court stated, somewhat tersely, "That won't do," citing Union Oil. The court pointed out that the motion did not "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately be kept from public inspection despite its importance to the resolution of the litigation." Id. (citing Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992)).

The court has reiterated the principles of Baxter since. It has stated that documents that "affect the disposition of federal litigation are presumptively

open to public view." <u>Goesel v. Boley Intern. (H.K.) Ltd.</u>, 738 F.3d 831, 833 (7th Cir. 2013).

The Society's motion does not identify the pages or information that they have chosen to redact or explain why. As discussed above, it is not enough to argue that the documents or information were exchanged under a protective order. In scrolling through the documents, it is not clear that all the information the Society seeks to restrict contains or consists of confidential business information or information would give a competitor an unfair advantage. And has the court has noted, the Society did not file a motion in connection with the documents challenging the amended third-party complaint.

The court will instruct the clerk to keep these documents restricted for the next fourteen days. If any party still seeks to restrict the documents, that party must file a motion stating good cause for restricting. The motion must request to restrict only those portions necessary, must identify the pages the parties are asking to restrict and must show good cause for restricting. If no motion party files a motion, the court will instruct the clerk to remove the restricted designation from the docket.

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion to strike the defendant's first affirmative defense. Dkt. No. 23.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to restrict document. Dkt. No. 29. A party may file a second motion to restrict

10

Case 2:21-cv-00642-PP   Filed 08/02/22   Page 10 of 11   Document 74

open to public view." <u>Goesel v. Boley Intern. (H.K.) Ltd.</u>, 738 F.3d 831, 833 (7th Cir. 2013).

The Society's motion does not identify the pages or information that they have chosen to redact or explain why. As discussed above, it is not enough to argue that the documents or information were exchanged under a protective order. In scrolling through the documents, it is not clear that all the information the Society seeks to restrict contains or consists of confidential business information or information would give a competitor an unfair advantage. And has the court has noted, the Society did not file a motion in connection with the documents challenging the amended third-party complaint.

The court will instruct the clerk to keep these documents restricted for the next fourteen days. If any party still seeks to restrict the documents, that party must file a motion stating good cause for restricting. The motion must request to restrict only those portions necessary, must identify the pages the parties are asking to restrict and must show good cause for restricting. If no motion party files a motion, the court will instruct the clerk to remove the restricted designation from the docket.

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion to strike the defendant's first affirmative defense. Dkt. No. 23.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to restrict document. Dkt. No. 29. A party may file a second motion to restrict

within fourteen days of the date of this order. The Clerk of Court must maintain the restricted designations on Dkt. Nos. 31-33, 49 and 50 until the court rules on a properly filed motion. If no party files a second motion to restrict within fourteen days, the clerk must promptly remove the restricted designation.

Dated in Milwaukee, Wisconsin this 2nd day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**