UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FIREMAN'S FUND INSURANCE COMPANY,
*as subrogee of City of Racine*,

        Plaintiff,

                                  Case No. 21-cv-642-pp

   v.

RACINE ZOOLOGICAL SOCIETY,

        Defendant/Third-Party Plaintiff,

   v.

CHINA LANTERN INTERNATIONAL LLC,
*d/b/a Zigong Lantern Group*,
and ZIGONG LANTERN CULTURE INDUSTRY
GROUP CO., LTD.,

        Third-Party Defendants.

---

**ORDER GRANTING IN PART CHINA LANTERN INTERNATIONAL LLC'S MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT (DKT. NO. 49) AND GRANTING THIRD-PARTY PLAINTIFF RACINE ZOOLOGICAL SOCIETY'S MOTION FOR LEAVE TO FILE SECOND AMENDED THIRD-PARTY COMPLAINT (DKT. NO. 75)**

---

Defendant Racine Zoological Society filed third-party complaint naming

China Lantern International, LLC (d/b/a Zigong Lantern Group) as a third-

party defendant. Dkt. No. 10. China Lantern (asserting that it was dissolved)

filed a motion to dismiss the third-party complaint. Dkt. No. 21. On the day the

Zoological Society's responsive brief was due, it filed an amended third-party

complaint against China Lantern and a second defendant—Zigong Lantern

Culture Industry Group, Ltd. (Culture Industry Group). Dkt. No. 28. Third-party defendant China Lantern filed a motion to dismiss the amended third-party complaint for failure to state a claim (or lack of standing to bring the claim) and a failure to join Culture Industry Group as an indispensable party. Dkt. No. 49 at 1. Recently, the Zoological Society has filed a motion for leave to amend the third-party complaint again. Dkt. No. 75. The court agrees that the amended third-party complaint failed to state a claim for breach of contract but will grant the Zoological Society's motion for leave to amend.

## I.  Legal Standard

On a motion to dismiss, the court construes "the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor . . . ." Lax v. Mayorkas, 20 F.4th 1178, 1181 (7th Cir. 2021). The complaint must include "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Warciak v. Subway Restaurants, Inc., 949 F.3d 354, 356 (7th Cir. 2020); Fed. R. Civ. P. 8(a)(2). The facts also must be sufficient to "state a claim to relief that is plausible on its face." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint presents plausible claims when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Warciak, 949 F.3d at 356 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, . . . (2009)).

2

## II.    Amended Third-Party Complaint (Dkt. No. 28)

The Zoological Society reserved the City of Racine's community center to host a lantern festival and assumed responsibility for any damages to the center. Dkt. No. 1 at ¶8; 1-1. The Zoological Society entered into a separate contract with Culture Industry Group to stage the festival. Dkt. No. 21-1. On or about September 11, 2019, a fire broke out in the center after a cooking stove was left unattended by a guest invited by the Zoological Society. Dkt. No. 1 at ¶9. Plaintiff Fireman's Fund Insurance Company, which insures the city, filed a complaint against the Zoological Society to recover payments of $967,322.27 made under a policy for the property damage. Dkt. Nos. 1; 28 at ¶4. The Zoological Society filed a third-party complaint against China Lantern. Dkt. No. 10. Later it amended the third-party complaint to add third-party defendant Culture Industry Group, alleging that one or both of the third-party defendants were responsible for the damages. Dkt. No. 28. While the amended third-party complaint incorporated the allegations of the complaint and answer, the Zoological Society failed to attach those pleadings to it, despite indicating at paragraphs five and seven of the amended third-party complaint that they had done so. Id. at ¶¶5-8.

China Lantern was a North Carolina limited liability corporation with a principal place of business at 9729 Corktree Court, Wake Forest, North Carolina. Id. at ¶2. Culture Industry Group is a foreign corporation; its principal place of business is located at the 5th/6th Floor, Caifu Mingdu

Mansion, Dangui South Ave., Huidong District, Zigong, Sichuan, China. Id. at ¶3.

The Zoological Society alleges in the amended third-party complaint that "pursuant to a written contract and agreements" between the Zoological Society and the third-party defendants, one or both of the third-party defendants had an obligation to assume liability for the damage to the property. Id. at ¶9. (The amended third-party complaint does not further identify the contract or agreements.) It alleges, upon information and belief, that one or both of the third-party defendants' negligence caused the injuries or damages. Id. at ¶10. Finally, the Zoological Society alleges that one or both of the third-party defendants caused the injuries or damages claimed by the plaintiff, by failing to properly complete its obligations to the Zoological Society. Id. at ¶11.

The amended third-party complaint alleges four causes of action: breach of contract, negligence, *res ipsa loquitor* and contribution. Id. at ¶¶12-26.

First, the Zoological Society alleges that both third-party defendants had a duty to exercise reasonable care in the handling of cooking materials in the community center. Id. at ¶13. The Zoological Society says that the third-party defendants breached their duties in the following ways:

- Failure to properly supervise cooking materials and cooking sources located in the kitchen.

- Failure to warn the City or the Zoological Society that they left cooking materials unsupervised causing the fire.

- Acting carelessly or negligently.

Id. at ¶14. These acts allegedly caused the fire and the resulting damage. Id. at ¶15.

Second, the Zoological Society pleads *res ipsa loquitor*, alleging that the third-party defendants, through their agents and employees, had lawful control of the kitchen and were negligent in their care of cooking materials. Id. at ¶¶17-19. It alleges that the fire broke out and caused damage as a direct and proximate cause of the third-party defendants' actions. Id. at ¶20.

Third, the Zoological Society alleges that both third-party defendants have breached "the contract," causing damages. Id. at ¶¶22, 23. The amended complaint does not further describe or identify "the contract."

Fourth, the Zoological Society seeks indemnity and contribution from the third-party defendants as a result of their decisions and conduct "causing or contributing to cause any injuries" to the Zoological Society. Id. at ¶¶24-26.

## III. Motion to Dismiss Third-Party Amended Complaint (Dkt. No. 49)

China Lantern moved to dismiss on the ground that it has no contractual obligation—or other legal duty—to the Zoological Society. Dkt. No. 49 at 2. It said that the Zoological Society's "beef" is with Culture Industry Group—a party named in the amended third-party complaint but whom the Zoological Society had failed to serve as of the date China Lantern filed its motion.[1] China Lantern maintained that it was not a party to any agreement with the

---

[1] An affidavit of non-service was filed on December 8, 2021, indicating that service was attempted on November 16, 2021 at an exposition at the Orange County Convention Center in Orlando, Florida, but that Culture Industry Group was not present at the expo., Dkt. No. 50.

5

Zoological Society. China Lantern admitted that it entered into a Cooperation Income Distribution Agreement with Culture Industry Group, making it the broker for all potential lantern venues, but asserted that that agreement made *Culture Industry Group* liable for any damages. Id.

The Zoological Society opposed the motion to dismiss, arguing that only one of the four claims involves a contract and requires a contractual relationship; it argues that the remaining claims do not require the existence of a contract. Dkt. No. 55. The Zoological Society accused China Lantern of mischaracterizing itself as a broker when it is an employee and "branch operation" of Culture Industry Group Co. Id. at 2. The Zoological Society believes that China Lantern and Culture Industry Group are one and the same and that China Lantern is the proper company to serve. Id.

In its reply, China Lantern asked the court to reject the Zoological Society's attempts to amend its amended third-party complaint with what China Lantern asserted were new facts and new arguments raised for the first time in the Society's brief in opposition to the motion to dismiss. Dkt. No. 59 at 2. China Lantern accused the Zoological Society of shifting gears after it failed to perfect service on Culture Industry Group. Id. at 4. China Lantern argued that the new allegations are inconsistent with the amended third-party complaint, fail to state a claim and ignore the fact that Culture Industry Group is a necessary or indispensable party. Id. at 5-8.

The parties completed briefing several months ago; the court was not prompt in disposing of the motion. The Zoological Society since has filed a

motion for leave to file a second[2] amended third-party complaint, dkt. no. 75, as well as the proposed amended third-party complaint (captioned as its "first" amended third-party complaint), dkt. no. 76, and twenty-five attachments, dkt. nos. 76-1 through 76-25.

A.    Breach of Contract

1.    *The Parties' Arguments*

China Lantern first moves to dismiss the breach of contract claim, which alleges that one or both of the third-party defendants breached an unidentified contract by "failing to perform and complete the terms as required by the contract along with applicable laws and regulations." Dkt. No. 49 at 6 (quoting Dkt. No. 28 at ¶22). China Lantern asserts that there are only two contracts identified by the Zoological Society in the litigation: (1) the Lantern Festival contract between the Zoological Society and Culture Industry Group; and (2) the Cooperation Income Distribution Agreement between Culture Industry Group and China Lantern. Id. According to China Lantern, neither of these agreements creates any duties between the Zoological Society and China Lantern. Id. China Lantern says that it was not a party to the Lantern Festival Contract between the Zoological Society and Culture Industry Group, so that contract did not impose any obligations on China Lantern. Id. It also argues

_____

[2] The motion is entitled "Defendant, Racine Zoological Society's Notice of Motion and Motion for Leave to File an Amended Third-Party Complaint," which implies that the third-party complaint never has been amended. The first paragraph of the motion asks leave "to file a First Amended Third Party Complaint in the above action." Dkt. No. 75 at 1. The motion should have requested leave to file a *second* amended third-party complaint.

7

that because the Zoological Society was not a party to the Cooperation Income Distribution Agreement, the Society lacks standing to invoke its terms or sue for a breach. Id. at 7 (citing Goosen v. Estate of Standaert, 189 Wis. 2d 237, 249 (Wis. Ct. App. 1994)). China Lantern further contends that even if the Zoological Society were a party to the Cooperation Income Distribution Agreement, the terms of that agreement make clear that China Lantern had no contractual duties to anyone beyond brokering contracts between Culture Industry Group and potential venues for the lantern festivals. Id. China Lantern asks the court to dismiss the breach of contract claim with prejudice; in the alternative, it asks the court to dismiss the claim with leave to allow the Zoological Society to amend to identify the contract and provision it claims China Lantern breached. Id. at 8.

The Zoological Society challenges China Lantern's claim that it is not part of the contract between the Society and Culture Industry Group, arguing that China Lantern contacted the Society and held itself out to be an employee of Culture Industry Group, travelled to China with the Society's Executive Director for meetings regarding the festival, was involved in the selection of the lanterns, and in promotion of the event, and actively managed the employees of the festival. Dkt. No. 55 at 6. The Zoological Society argues that the Cooperation Income Distribution Agreement between the parties identifies Party A as Zigong Lantern Culture and Party B as China Lantern NC. Id. (citing Dkt. No. 33-1 at 1). Section 5.1 of the Cooperation Agreement states:

> 5.1 If the cooperation contract signed successfully by Part[y] A and Merchant, Party B should provide, **as the employee of Party A**, the

follow-up service in the early stage of the contract signing, and the
necessary assistance in the middle and late stages.

Id. (citing Dkt. No. 33-1 at 5). If there is a dispute about whether China

Lantern is a broker or employee, the Zoological Society asserts that any such

dispute about the contract language should not be resolved on a motion to

dismiss where the question is simply whether the plaintiff has stated a claim.

Id.

In reply, China Lantern accuses the Zoological Society of trying to amend

its complaint with its arguments. Dkt. No. 59 at 2. It asserts that in the

amended third-party complaint, the Zoological Society acknowledged the

separate corporate existences of China Lantern and Culture Industry Group

and asserted breaches of duty and negligent performance of duties "exclusively

arising out of written contracts." Id. at 3. China Lantern says that in its

response to the motion to dismiss, however, the Zoological Society contradicted

the allegations in its complaint by saying that China Lantern was an

"employee" of Culture Industry Group or that the two entities were "one and

the same." Id. at 3. China Lantern notes that the Zoological Society first

claimed that China Lantern was an employee of Culture Industry Group after it

failed to perfect service on Culture Industry Group. Id. at 4. It urges the court

to reject unpled "alter-ego" or "veil-piercing" arguments in response to a motion

to dismiss. Id. at 5. And China Lantern argues that even if the court accepts

the Zoological Society's arguments as "claims," there is no authority supporting

the proposition that one's status as an employee imputes the employer's (or

principal's) liability to that employee. Id. China Lantern asserts that the

9

Cooperation Income Distribution Agreement expressly states that Culture Industry Group assumes all liability for its own performance of contracts and that China Lantern does not assume liability for Culture Industry Group's performance. Id. at 6.

2.    *Analysis*

To survive a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts in the complaint and views "facts in the light most favorable to the non-moving party" and draws "reasonable inferences in that party's favor." Bonte v. U.S. Bank, N.A., 624 F.3d 461, 463 (7th Cir. 2010). But even viewed in that light, the complaint must comply with Rule 8(a)—it must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8 "is to give defendants fair notice of the claims against them and the grounds supporting those claims." Standard v. Nygren, 658 F.3d 792, 797 (7th Cir. 2011) (citing Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007)).

Under Wisconsin law, "a complaint states a claim for breach of contract when it alleges: (1) a contract between the plaintiff and the defendant that creates obligations flowing from the defendant to the plaintiff; (2) failure of the defendant to do what it undertook to do; and (3) damages." Brew City Redevelopment Grp., LLC v. The Ferchill Grp., 289 Wis. 2d 795, 807 (Wis. Ct. App. 2006).

The Zoological Society alleges that the third-party defendants had certain obligations under a "written contract and agreements" with the Society. Dkt.

No. 28 at ¶9. But the amended third-party complaint does not identify any contract or agreement between the Zoological Society and China Lantern that creates obligations flowing from China Lantern to the Society. While the amended third-party complaint gives the third-party defendants notice that the Zoological Society believes they breached contracts, this is of little help if the defendants cannot identify any contracts they may have breached.

"Ordinarily, when adjudicating a motion to dismiss under Rule 12(b)(6), a district court is limited to the allegations in the complaint. If a court considers 'matters outside the pleadings,' the 'motion must be treated as one for summary judgment.'" Financial Fiduciaries, LLC v. Gannett Co., Inc., 46 F.4th 654, 663 (7th Cir. 2022) (citing Gen. Elec. Cap. Corp. v. Lease Resol. Corp., 128 F.3d 1074, 1080 (7th Cir. 1997); Fed. R. Civ. P. 12(d)). The exception to this rule is the "incorporation-by-reference" doctrine, which allows a court to consider "documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." Id. (citations omitted). China Lantern attached a copy of the Lantern Festival contract to its motion to dismiss the original third-party complaint; it is an agreement between the Zoological Society and Culture Industry Group. Dkt. No. 21-1. China Lantern did not attach that document to its motion to dismiss the amended third-party complaint and the Zoological Society did not refer to the Lantern Festival contract in the original or amended third-party complaints. The Zoological Society attached a copy of the Cooperation Income Distribution Agreement to the declaration its counsel filed in opposition to the motion to

dismiss; it is an agreement between Culture Industry Group and China Lantern. Dkt. No. 33-1. Neither the complaint nor the third-party amended complaint refer to the Cooperation Income Distribution Agreement. China Lantern asserts in its motion to dismiss the amended third-party complaint that "there is no dispute over the authenticity of the contracts," and urges the court to consider them for the purposes of the motion to dismiss. Dkt. No. 49 at 6 n.5 (citing 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 734-35 (7th Cir. 2002); Squires-Cannon v. White, 864 F.3d 515, 517 (7th Cir. 2017)). Even if China Lantern is correct that no one disputes the authenticity of these contracts, that is only one prong of the three-prong incorporation-by-reference doctrine. The "incorporation-by-reference" doctrine does not apply.

The amended third-party complaint alleges that the third-party defendants had obligations under a "written contract and agreements between . . . the Society, and Third-Party Defendants, China Lantern . . . and/or . . . Culture Industry Group . . . ." Dkt. No. 28 at ¶9. Neither the Lantern Festival contract nor the Cooperation Income Distribution Agreement are between the Zoological Society and China Lantern. In opposition to the motion to dismiss, the Zoological Society argues that China Lantern and the Culture Industry Group are "one and the same," and thus that the Cooperation Income Distribution Agreement is an agreement between the Society and China Lantern. Dkt. No. 55 at 6. But the Zoological Society cites the agreement— which the court has concluded it cannot consider—in support of this argument. It also relies on the declaration of its counsel and exhibits such as

12

emails, business cards and text messages. Dkt. No. 55 at 2-3 (citing Dkt. Nos. 54 through 54-5). These documents, too, are outside the four corners of the amended third-party complaint and the court cannot consider them without converting the motion to dismiss into a motion for summary judgment.

Because the amended third-party complaint does not allege facts supporting the Zoological Society's claim that China Lantern should be held liable for Culture Industry Group's contractual obligations, it does not state a breach-of-contract claim against China Lantern. As an alternative to dismissal, China Lantern has proposed that the court give the plaintiff an opportunity to amend the amended third-party complaint to provide a factual basis for a breach of contract claim. Dkt. No. 49 at 8. The court agrees with that proposal. The court will dismiss the breach of contract claim but will grant the Zoological Society's recent motion to amend.

     B.   <u>Negligence</u>

        1.   *The Parties' Arguments*

Next, China Lantern moves to dismiss the negligence claim because the Zoological Society has not identified any common law duty, or statutory or contractual duty, that China Lantern owed to the Society with respect to fire prevention or supervision of the kitchen, cooks or cooking staff at the Lantern Festival. Dkt. No. 49 at 8-9. According to China Lantern, the Zoological Society has alleged that China Lantern (1) failed to properly supervise cooking materials and cooking sources located in the kitchen of the subject building to ensure against risk of fire, (2) failed to warn the City or the Society that it left

13

cooking materials unsupervised causing ignition of combustible materials around the kitchen; or (3) was otherwise careless and negligent in its actions. Id. at 8 (citing Dkt. No. 28 at 4). China Lantern says that because the Zoological Society has not alleged a source of those duties, and thus that it cannot state a negligence claim. Id.

The Zoological Society emphasizes that under Wisconsin law, everyone owes to the world at large the duty of refraining from acts that may unreasonably threaten the safety of others. Dkt. No. 55 at 7 (citing Behrendt v. Gulf Underwriters Ins. Co., 318 Wis. 2d 622 (Wis. 2009)). It asserts that arguments about a foreseeable zone of risk are irrelevant in Wisconsin. Id. The Zoological Society maintains that it adequately has pled a duty to exercise reasonable care in the handling and supervising of cooking materials and warning the Society that the materials would be left unattended and pled that the careless and negligent acts of China Lantern caused the fire leading to the damages. Id. at 7-8. China Lantern did not reply as to this issue.

> 2. *Analysis*

China Lantern argues that Wisconsin law should apply for purposes of the motion to dismiss, dkt. no. 49 at 4, and the Society cites Wisconsin law, dkt. no. 55 at 7. To state a claim for negligence in Wisconsin, a plaintiff must allege "(1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the injury." Gritzner v. Michael R., 235 Wis. 2d 781,

790-91 (Wis. 2000). Wisconsin takes an expansive view of the first element, following the minority view from Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 162 N.E. 99 (1928). Hocking v. City of Dodgeville, 318 Wis. 2d 681, 690 (Wis. 2009). The duty of care is owed to the world at large whenever it is foreseeable to a defendant that his or her act or omission might cause harm to some other person. Gritzner, 235 Wis. 2d at 791. At a minimum, every person is subject to exercise ordinary care. Id. The reach of that duty is not unlimited, Hocking, 318 Wis. 2d at 690, but depends upon the unique circumstances of a given situation, including the nature of the relationship between the parties. Behrendt, 318 Wis. 2d at 635.

In its motion to dismiss, China Lantern argues that the negligence claim is based entirely on contractual duties. Dkt. No. 49 at 8. The negligence claim, as pled, is not that narrow. The Zoological Society alleges that the third-party defendants had a duty to exercise reasonable care, and breached the standard of care through its agents or employees who either mishandled or improperly supervised the cooking materials that caused the fire and resulting damage to property. Dkt. No. 28 at 3-4. The court must take those allegations as true at this stage of the proceedings. Contrary to China Lantern's arguments, the court does not look to whether there was some contractual obligation to do a specific act—the only question for purposes of assessing the negligence claim is whether China Lantern exercised the degree of care that would be exercised by a reasonable person under the circumstances. Behrendt, 318 Wis.2d at 635. The court will deny China Lantern's motion to dismiss the negligence claim.

C.    Res Ipsa Loquitor

1.    *The Parties' Arguments*

China Lantern moves to dismiss the *res ipsa loquitor* claim as a mere "rehashing of [the Zoological Society's] contract-based negligence claim." Dkt. No. 49 at 9. China Lantern says that the Zoological Society "alleges that China Lantern . . . (lumped together with Culture Industry Group) breached a duty of reasonable care in handling cooking materials, had control of the kitchen in the moments before the fire ignited, and that the ignition of combustible material in the kitchen of the building could not have reasonably been expected to occur unless the third-party defendants were negligent in their care of cooking materials and cooking tools in the kitchen." Id. (citing Dkt. No. 28 at 5). China Lantern asserts that *res ipsa loquitor* is merely a theory of liability and not an independent cause of action. Id. (citing Nielsen v. Smith & Nephew, Inc., No. 17-CV-1315-JPS, 2018 WL 5282901, *2, n.2 (E.D. Wis. Oct. 24, 2018)).[3] China Lantern contends that the theory allows a presumption of negligence in some circumstances and may warrant a jury instruction when certain factors are present. Id.

The Zoological Society acknowledges that *res ipsa loquitor* is not an independent cause of action but suggests that it may be pled in the alternative

---

[3] In a footnote that appeared in an order addressing multiple summary judgment motions, Judge Stadtmueller noted that, in addition to eleven causes of action, the plaintiff also appeared to assert claims for successor liability and *res ipsa loquitor*. Nielsen, 2018 WL 5282910, *2, n.2. He did not address the claims beyond commenting that both successor liability and *res ipsa loquitor* are theories of liability rather than causes of action. Id.

16

to a negligence claim. Dkt. No. 55 at 8. The Zoological Society suggests that it would be inappropriate for the court to speculate at the pleading stage about whether there might be enough evidence to eventually support a jury instruction on the theory. Id. The Zoological Society maintains that under Wisconsin law, a plaintiff may allege *res ipsa loquitor* even when allegations of specific negligence have been pled. Id. (citing Johnson v. Sprung, No. 14-CV-1408, 2016 WL 11663764, *3 (E.D. Wis. Dec. 21, 2016). Finally, the Zoological Society reiterates that the contract between it and Cultural Industry Group implicates China Lantern as a part of Culture Industry Group but argues that even if it did not, *res ipsa* loquitor remains a viable claim because it alleged in the amended third-party complaint that China Lantern had control of the employees who allegedly caused the fire at the community center. Id. at 8-9. China Lantern did not reply to this argument.

      2.   *Analysis*

Wisconsin courts characterize the doctrine of *res ipsa loquitur* as a rule of circumstantial evidence that allows a factfinder to infer negligence in certain factual situations. Johnson v. Maylan, 107 F. Supp. 3d 967 (E.D. Wis. 2015) (citing Milwaukee Metro. Sewerage Dist. v. City of Milwaukee, 267 Wis. 2d 688, 704 (Wis. Ct. App. 2003)). The doctrine "is meant to bridge an evidentiary gap when an injury could not have happened but for the defendant's negligence." Buechel v. United States, 746 F.3d 753, 765 (7th Cir. 2014). That said, "[i]t is settled in Wisconsin that a plaintiff may plead *res ipsa loquitor* and specific

17

negligent acts in the alternative." <u>Hoven v. Kelble</u>, 79 Wis. 2d 444, 451 (Wis. 1977).

To use the doctrine in a pleading, the plaintiff must allege that the accident would not have occurred absent negligence and that the defendant had exclusive control of the instrumentality. <u>Id.</u> at 449. A plaintiff need only plead the essential elements: "[i]t would be inappropriate to apply this test [whether a plaintiff has introduced enough but not too much evidence to permit reliance on *res ipsa loquitur*] at the pleading stage, where it is altogether uncertain what the plaintiff ultimately may be able to prove at trial." <u>Id.</u> at 451.

The Zoological Society alleged in the amended third-party complaint that the third-party defendants had lawful and actual control in the building moments before the fire, that the ignition of combustible material could not reasonably have been expected to occur unless the third-party defendants were negligent in the care of cooking materials and tools and that the fire was a direct and proximate result of the negligent acts of the third-party defendants. Dkt. No. 28 at 17-20. The court finds the pleading sufficient. The court will deny China Lantern's motion to dismiss the *res ipsa loquitor* claim.

D. <u>Contribution</u>

1. *Parties' Arguments*

China Lantern moves to dismiss the final claim for contribution because it asserts that the Zoological Society has not alleged any contract provision creating a duty and failed to identify any common law duty that China Lantern owed to the Society with respect to cooking, kitchen or fire safety. Dkt. No. 49

18

at 10. China Lantern argues that the contribution claim fails under Ashcroft/Twombley and that the two identified agreements conclusively establish that China Lantern—the broker—owed no duty to the City, the Zoological Society or Fireman's Fund. Id.

According to the Zoological Society, a contribution claim does not require a contract between itself and China Lantern. Dkt. No. 55 at 9. It points to the factual disputes regarding whether China Lantern is a separate entity from Culture Industry Group and argues that, at this stage, the court must accept the allegations in the amended third-party complaint as true. Id.

2. *Analysis*

To facilitate efficiency and eliminate the necessity of additional subsequent litigation, Wisconsin courts allow contribution actions "to be considered in the same proceeding involving the underlying damage claim." Johnson v. Heintz, 73 Wis. 2d 286, 295 (1976) (collecting cases). It is a separate and independent cause of action even though it reflects the legal theory of the injured plaintiff. Id. The Wisconsin Supreme Court has identified the basic elements of a contribution claim based in negligence: 1) both parties must be joint negligent wrongdoers; 2) they must have common liability because of the negligence to the same person; and 3) one such party must have borne an unequal proportion of the common burden. Id.

The amended third-party complaint alleges a contribution claim that arises out of negligence *or* breach of contract by the third-party defendants and alleges that if the plaintiff prevails, the Zoological Society will be entitled to

19

indemnity or contribution from the third-party defendants. Dkt. No. 28 at ¶¶25-26. Admittedly, this is a "bare bones" approach to pleading but it is a viable claim that places the defense on notice to the theory and it survives the pleading stage.

E. Failure to Join a Party

1. *The Parties' Arguments*

China Lantern insists that the correct third-party defendant is Culture Industry Group—not China Lantern—and that Culture Industry Group is a necessary or indispensable party. Dkt. No. 49 at 9-10. It alleges that the Zoological Society contracted with Culture Industry Group to send workers and supplies to produce the Lantern Festival. Id. at 11. China Lantern says it expressly disclaimed all liability for damages to third parties arising out of Culture Industry Group's performance of any lantern festival contract brokered for Culture Industry Group. Id. China Lantern reminds the court that the Zoological Society had until the end of November 2021 to file its affidavit of service (citing Dkt. No. 34), and argues that the Society has been unsuccessful in its attempts (citing Dkt. No. 47 at 3, in which the Society states that it recently had tried to serve Culture Industry Group in the United States but had been unsuccessful). Id.

The Zoological Society responds that it already has joined the proper party—China Lantern—who, it reiterates, appears to be the same company as Culture Industry Group. Dkt. No. 55 at 9. It asserts that China Lantern's position that it must join Culture Industry Group is moot because all of China

20

Lantern's arguments are undermined by their actions. Id. at 11. The Zoological Society argues that while China Lantern insists it was a broker, China Lantern solicited the Society's business, claimed to be part of Culture Industry Group through correspondence and business cards, traveled to China with the Society to view the lanterns, went on television shows promoting the festival, and controlled employees at the jobsite, creating an inference it is part of Culture Industry Group. Id. at 2, 3, 11.

China Lantern replies that it is neither a necessary nor indispensable party. Dkt. No. 59 at 7. China Lantern says that the Zoological Society admits in its amended third-party complaint that it contracted with Culture Industry Group. Id. at 8. It asserts that neither China Lantern nor its principals signed the Lantern Festival contract or were bound by its terms. Id. And it argues that in response to Fireman's Fund's motion to strike an affirmative defense, the Zoological Society argued that Culture Industry Group is a necessary or indispensable party. Id. (Citing Dkt. No. 47 at 6).

2. *Analysis*

China Lantern's final argument arises under Rule 12(b)(7), not Rule 12(b)(6). "[W]hen considering a motion to dismiss in general, a court may consider matters outside of the pleadings to resolve factual questions pertaining to jurisdiction, process, or indispensable parties." Deb v. SIRVA, Inc., 832 F.3d 800, 809 (7th Cir. 2016) (citation omitted). Analysis of a Rule 12(b)(7) motion usually proceeds in two steps. First, the court determines whether a party is one that should be joined if "feasible" under Fed. R. Civ. P.

21

19(a). <u>Askew v. Sheriff of Cook Cty.</u>, 568 F.3d 632, 635 (7th Cir. 2009); <u>Davis Cos. v. Emerald Casino, Inc.</u>, 268 F.3d 477, 481 (7th Cir. 2001). Second, if the court determines that the party should be joined but cannot be for jurisdictional reasons, then the court must determine whether the party is indispensable. <u>Id.</u>

On August 2, 2022, the court granted Fireman's Fund's motion to strike the first affirmative defense (failure to join an indispensable party). Dkt. No. 74 at 10. The court focused on the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single suit. <u>Id.</u> at 6.

The standard is slightly different for a Rule 12(b)(7) motion, where the movant bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined. <u>Int'l Radio Control Helicopter Ass'n, Inc. v. Anderson</u>, No. 1:30-cv-02082-TWP-TAB, 2021 WL 5039562, *2 (S.D. Ind. Oct. 29, 2021). China Lantern argues that Culture Industry Group must be joined because Culture Industry Group was the signatory to the Lantern Festival contract. The Zoological Society has filed documents in opposition to the motion that the court could not consider with respect to the Rule 12(b)(6) motion but that it *can* consider with respect to the 12(b)(7) motion. Those documents suggest that the employees of China Lantern held themselves out to be employees of Culture Industry Group on their business cards (Dkt. No. 54-2) and in correspondence (Dkt. No. 54-1).

Discovery does not close until March 1, 2023, dkt. no. 71, and the evidence ultimately may prove otherwise, but at this time the court finds that

China Lantern has not met its burden to warrant dismissal. See Askew, 568 F.3d 634 (explaining that a dismissal for failure to join a party is not a preferred outcome under the rules). And, as the court has noted, the Zoological Society has filed a motion for leave to file a second amended third-party complaint and a proposed second amended third-party complaint. Having reviewed the motion under Fed. R. Civ. P. 15(a)(2) and mindful that leave should be freely given, the court will grant the motion to file the proposed second amended third-party complaint.

## IV. Conclusion

The court **GRANTS IN PART** China Lantern's motion to dismiss the amended third-party complaint. Dkt. No. 49. The court **DISMISSES WITHOUT PREJUDICE** the breach of contract claim as alleged against China Lantern.

The court **GRANTS** the Racine Zoological Society's motion for leave to file a second amended third-party complaint. Dkt. No. 75.

The court **ORDERS** that the clerk's office must correct the docket to show that Dkt. No. 76 is the second amended third-party complaint. The document at Dkt. No. 76 is now the operative third-party complaint and supersedes the previous third-party complaints.

Dated in Milwaukee, Wisconsin this 26th day of September, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**