UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FIREMAN'S FUND INSURANCE COMPANY,
as subrogee of City of Racine,

    Plaintiff,

 v.            Case No. 21-cv-642-pp

RACINE ZOOLOGICAL SOCIETY,

    Defendant, Third-Party Plaintiff,

 v.

CHINA LANTERN INTERNATIONAL, LLC,
d/b/a ZIGONG LANTERN GROUP,
a Florida limited liability company

 and

CHINA LANTERN INTERNATIONAL, LLC,
d/b/a ZIGONG LANTERN GROUP,
a North Carolina dissolved limited liability company

 and

ZIGONG LANTERN CULTURE INDUSTRY
GROUP CO., LTD,

    Third-Party Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT CHINA LANTERN INTERNATIONAL LLC'S MOTION TO AMEND THE COURT'S ORDER PERMITTING DEFENDANT'S THIRD-PARTY COMPLAINT TO REQUIRE THE DEFENDANT TO SPECIFY AND CLAIFY ITS CLAIMS AGAINST EACH PROPOSED DEFENDANT (DKT. NO. 86)**

---

  On October 24, 2022, third-party defendant China Lantern International, LLC, a dissolved North Carolina limited liability company (China Lantern NC),

1

filed a motion asking this court to amend its September 26, 2022 decision granting in part its motion to dismiss and authorizing the filing of the defendant's second amended third-party complaint. Dkt. No. 86. China Lantern NC argues that under Federal Rule of Civil Procedure 52(b), the court has the authority to alter or amend an order within twenty-eight days from the date the order was entered. Id. at 2. China Lantern NC wants the court to order the defendant to further amend its pleading to clarify what allegations it is making against China Lantern NC as opposed to the other third-party defendants. Id.

The court will deny the motion without prejudice. First, the parties have not briefed the motion even though it was filed almost eight months ago. On November 10, 2022, the parties reached a stipulation to stay briefing deadlines while the parties pursue mediation. Dkt. No. 87. The court approved the stipulation and ordered the parties to file a joint report with proposed deadlines by March 14, 2023. Dkt. No. 89. The parties filed a second stipulation on February 10, 2023, dkt. no. 91; the court approved the stipulation and stayed the deadline for filing an answer and for responding to China Lantern NC's motion to amend the court's order, dkt. no. 93. The court ordered that if by the end of the day on May 2, 2023, mediation had been completed and was not successful, the parties must file a joint report with proposed deadlines for the answer and response. Id. May 2, 2023 has come and gone, and there is no mediator's report or indication of settlement on the docket. Nor have the parties complied with the court's order requiring them to file a joint report with proposed deadlines. Rule 16(f)(1)(C) allows the court to impose sanctions on

2

parties who fail to obey a scheduling or other pretrial order, including striking pleadings.

More important, the motion is procedurally improper. China Lantern NC has moved to alter or amend the court's order under Rule 52(b). Dkt. No. 86. "Rule 52 governs matters 'tried on the facts without a jury or with an advisory jury' in which the court makes findings of fact and states its conclusions of law." Stewart v. JP Morgan Chase Bank, N.A., No. 18-cv-7584, 2022 WL 6750182, *2 (N.D. Ill. Oct. 11, 2022) (citing Rule 52(a)). The rule states as follows:

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b). There has been no bench trial and the court has not entered judgment or made findings and conclusions.

At page 12 of the motion, for the first time, China Lantern NC references Rule 59. Dkt. No. 86 at 12. To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fac, or (2) that newly discovered evidence precluded entry of judgment. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v.

3

DePuy Orthopaedics Inc., No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). A Rule 59(e) motion to reconsider is "not a vehicle for rearguing previously rejected motions," Oto, 224 F.3d at 606, nor "a vehicle for a party to undo its own procedural failures . . . ." Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000).

China Lantern NC has not addressed or analyzed the Rule 59(e) standard. Instead, it argues that it never had an opportunity to address the last motion to amend and that adding third-party defendants will "distract and lengthen this proceeding as the court entertains the Defendant's far-fetched and shadowy theories about how [China Lantern NC] should be liable for the fire." Dkt. No. 86 at 13. China Lantern NC suggests that the court "can ameliorate this burden by requiring the Defendant to refine and clarify its Complaint to present a coherent plausible explanation of what its causes of action are." Id. at 13-14. It further argues that it is not "out of the question" that the court may need to certify questions of state law to the Wisconsin Supreme Court and ends with the following:

> Usually where's the smoke, there is a fire. But not always. Sometimes there's just a lot of smoke. The Defendant's Third-Party Complaint is an effort to avoid liability by shrouding the Plaintiff's case in such a heavy layer of smoke that it threatens [to] engulf this proceeding and prevent the Court form [sic] seeing the Plaintiff's original straightforward and concise Complaint. The fire was tragic enough. The litigation does not need to inflame further costs and ignite subsidiary issues without offering any compensatory prospect of meaningful advancement towards the merits of the case.

Id. at 14-15.

4

China Lantern NC has not argued that the court committed a manifest error of law or fact or that there is newly discovered evidence (and again, the court has not entered judgment, so there is no judgment to alter or amend). The court agreed with China Lantern NC in part when ruling on the motion to dismiss and allowing the defendant to amend its third-party complaint. Dkt. No. 77. While the court understands that China Lantern NC asserts there are three separate corporate entities, the defendant has alleged that China Lantern was doing business as two entities on the date of the fire and that China Lantern NC did not dissolve until November 1, 2019. Dkt. No. 76 at ¶¶11-13. The defendant has alleged facts explaining its understanding of the relationship between the various entities. Id. at ¶¶11-22. The defendant may be wrong in its understanding, and there are procedural rules that would allow China Lantern NC to challenge the claims asserted in the second-amended third-party complaint, but a Rule 52 motion to amend and require specification of claims is not one of them.

Perhaps the parties didn't file their joint status report as ordered by the court because the mediation was successful as to China Lantern NC. If so, there should be some indication on the docket that the parties have resolved the dispute and plan to file settlement papers. If not, China Lantern NC may raise its arguments about the claims asserted in the second amended third-party complaint in a proper motion.

The court **DENIES WITHOUT PREJUDICE** third-party defendant China Lantern NC's motion to amend the court's order permitting defendant's third-

5

Case 2:21-cv-00642-PP   Filed 07/06/23   Page 5 of 6   Document 111

party complaint to require the defendant to specify and clarify its claims against each proposed defendant. Dkt. No. 86.

Dated in Milwaukee, Wisconsin this 6th day of July, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**